Filed 10/28/22  P. v. Angulo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C093393 |
| Plaintiff and Respondent, | (Super. Ct. Nos. LOD-CR-FE-2005-0000001, LF005462B) |
| v. | |
| MARIO HUMBERTO ANGULO, | |
| Defendant and Appellant. | |

Following a jury trial, defendant Mario Humberto Angulo was convicted of first degree murder, shooting from a motor vehicle, active participation in a criminal street gang, and possession of a firearm by a prohibited person.  The jury found several firearm and gang enhancements true, but, critically, found not true the enhancement allegations that the murder was carried out to further criminal gang activity and that defendant personally discharged a firearm from a vehicle with the intent to cause death.  In 2008, we affirmed his conviction.  (*People v. Angulo* (Mar. 13, 2008, C053070) [nonpub. opn.] (*Angulo*).)

1

In 2019, defendant petitioned for resentencing under Penal Code section 1170.95 (now 1172.6)[1] due to changes to the felony-murder rule.  The trial court denied defendant's petition.  Defendant has now appealed.

On appeal, defendant contends the trial court engaged in improper factfinding to deny his petition at the prima facie stage.  The People agree.  We reverse and remand with directions.

## FACTUAL BACKGROUND[2]

On October 24, 2000, Sureño gang member Ruben Santana told defendant that a rival Norteño gang member had shot at him earlier that day and he wanted to retaliate by "going to go hit this fool."  Defendant drove Santana to confront the Norteños.  Defendant stopped the car in front of the rival gang, and Santana reached across him to fire his handgun.  Defendant also fired his handgun.  Rival Norteño gang member Johnny Moreno was shot and killed.

At trial for Moreno's death, the trial court instructed the jury on first degree murder theories under felony murder (drive-by murder) and premeditated murder.  Jurors also received instructions on various special circumstances, aiding and abetting, and the natural and probable consequences doctrine.

As an alternative theory to premeditated murder under CALJIC No. 8.20, the trial court instructed the jury on modified CALJIC No. 8.25.1, drive-by murder, which required the prosecution to prove, in relevant part, that defendant specifically intended to

---

[1] Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 with no change in text.  (Stats. 2022, ch. 58, § 10.)  For purposes of clarity and conformity with the petition, we will refer to the statute as section 1170.95 throughout the opinion.

[2] The facts are taken from our opinion in defendant's direct appeal.  (*Angulo, supra*, C053070.)  On our own motion, we augment the record to include jury instructions and transcripts from defendant's jury trial.  (Cal. Rules of Court, rule 8.155(a)(1)(A).)

kill, either as the actual killer of Moreno or as an aider and abettor to a perpetrator who was the actual killer. The jury did not need to agree on the theory of first degree murder.

Pursuant to CALJIC No. 8.80.1, the jury was instructed on two special circumstances allegations, both of which stated that if the jury could not decide whether defendant was the actual killer, they could not find the special circumstance true unless they were satisfied beyond a reasonable doubt that defendant, with the intent to kill, aided abetted another in first degree murder.

Under CALJIC No. 8.21.1, the jury was instructed in relevant part that to find the special circumstance pursuant to section 190.2, subdivision (a)(21) true, they had to find that defendant specifically intended to kill, either as the actual killer of Moreno or as an aider and abettor to a perpetrator who was the actual killer.

The jury received the following special circumstance instruction under modified CALJIC No. 8.81.22, which in relevant part, instructed the jury that in order to find the circumstance true, the People must prove: "1. The defendant or a perpetrator intentionally killed Johnny Moreno; [¶] 2. At the time of the killing of Johnny Moreno, the defendant specifically intended to kill, either as the actual killer of Johnny Moreno, or as an aider and abetter [*sic*] to the actual killer; [¶] 3. At the time of the killing, the defendant was a [*sic*] active participant in a criminal street gang; [¶] 4. The members of that criminal street gang engaged in or have engaged in a pattern of criminal gang activity; [¶] 5. The defendant knew that the gang members engaged in or have engaged in a pattern of criminal gang activity; and [¶] 6. The murder of [Johnny Moreno] was carried out to further the activities of the criminal street gang."

The jury found defendant guilty of first degree murder (§ 187, subd. (a)), discharging a firearm from a vehicle (§ 12034, subd. (d)), active participation in a criminal street gang (§ 186.22, subd. (a)), and unlawful possession of a firearm (§ 12021, subd. (e)). As to the murder and discharging a firearm from a vehicle counts, the jury found true the enhancement allegations that defendant intentionally discharged a firearm

3

causing great bodily injury or death (§ 12022.53, subds. (d) & (e)), and the crimes were committed for the benefit of a street gang (§ 186.22, subd. (b)(1)).  Also, as to the murder count, the jury found defendant personally discharged a firearm (§ 12022.53, subd. (c)).  However, the jury found not true that the murder was carried out to further criminal gang activity (§ 190.2, subd. (a)(22)) and similarly not true that defendant personally discharged a firearm from a vehicle with intent to cause death (§ 190.2, subd. (a)(21)).

The trial court sentenced defendant to a term of 25 years to life for first degree murder, a consecutive 25-year-to-life term for intentional discharge of a firearm, and concurrent middle terms of two years each for the other three offenses.

## PROCEDURAL BACKGROUND

Defendant appealed his conviction in 2008, and we affirmed.  (*Angulo, supra*, C053070.)  In 2019, defendant petitioned for resentencing under section 1170.95; the petition was facially valid and requested the appointment of counsel.[3]

Without appointing counsel, allowing for briefing, or conducting a hearing, the trial court summarily denied the petition.  The trial court noted in its written order that it had read defendant's file and concluded that "at the very minimum," it was clear, with the intent to kill, that defendant aided and abetted the actual killer or was a major participant acting with reckless indifference to human life within the meaning of section 190.2, subdivision (d).

---

[3]  In 2021, defendant filed a petition for writ of habeas corpus that referenced the "Superior Court's order to deny the petition for resentencing filed under the Cal. P.C. § 1170.95."  This court considered the petition a request for permission to file a notice of appeal under the constructive filing doctrine and directed defendant to file a notice of appeal.  He timely filed a notice of appeal.  As of August 12, 2022, the case was fully briefed.

**DISCUSSION**

Defendant contends the trial court engaged in improper factfinding to deny his section 1170.95 petition. The People agree.

A. *Senate Bill No. 1437*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, was enacted to amend the felony-murder rule and the natural and probable consequences doctrine "to ensure that murder liability is not imposed on a person who [wa]s not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 also established a procedure for qualified persons to seek retroactive relief based on these changes in the law through a petition with the trial court. (Stats. 2018, ch. 1015, § 4.) The procedure allowed those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a); Stats. 2018, ch. 1015, § 4.)

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Section 189, subdivision (e)

5

now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

### B. Prima Facie Showing

Section 1170.95 requires a prima facie determination.  (§ 1170.95, subd. (a).) Under subdivision (c), the trial court must appoint defendant counsel if requested, receive briefing from the parties, and determine whether "the petitioner makes a prima facie showing that he or she is entitled to relief."  (§ 1170.95, subd. (c).)  At the prima facie stage, the court may consider the petition and "the record of conviction in determining whether that single prima facie showing is made."  (*People v. Lewis* (2021) 11 Cal.5th 952, 970.)  The threshold for such a showing is very low, so in reviewing the record of conviction and any appellate opinions, the trial court should take the petition's allegations as true and refrain from engaging in factfinding, weighing evidence, or exercising discretion.  (*Id.* at pp. 971-972.)  The "authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd[ivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980, disapproved on other grounds in *Lewis*, at p. 963.)  But, if the record of conviction contains facts refuting the defendant's allegations in the petition and shows the defendant

6

was the actual killer, aided and abetted with intent to kill, or was a major participant who acted with reckless indifference to human life, the trial court may deny the petition as a matter of law without further proceedings. (§ 189, subd. (e); *Lewis*, at p. 971.)

If, after accepting the facts in the petition as true, the defendant is entitled to relief because he or she has met the requirements of section 1170.95, subdivision (a), the trial court should issue an order to show cause unless the parties waive the hearing or petitioner's entitlement to relief is established as a matter of law by the record. (§ 1170.95, subd. (d)(2).)

*C. Analysis*

In this case, the parties agree defendant filed a facially sufficient petition under section 1170.95, subdivision (a). Without appointing counsel or conducting a hearing, the trial court reviewed the record of conviction and found defendant was not entitled to relief.

For first degree murder, the trial court instructed the jury on alternative theories of liability, drive-by felony murder and premeditated murder, and included an instruction that jurors need not agree on which theory to find defendant guilty. The jury also was instructed on aiding and abetting, and the natural and probable consequences doctrine. Despite finding defendant guilty of first degree murder, the verdicts do not show which theory the jury relied on to base its finding. Thus, the record of conviction does not preclude defendant from relief because it does not refute the petition's allegations and establish defendant was the actual killer, or aided and abetted with the intent to kill.

Despite the trial court's written order, there was no section 190.2 subdivision (a)(17) allegation and therefore the jury did not make a finding that defendant was a major participant who acted with reckless indifference to human life. Moreover, the jury's not true findings on special circumstances under section 190.2, subdivision (a)(21) and (22) demonstrate it did not find defendant was the actual killer or acted with the intent to kill. (See § 190.2, subd. (a)(21), (22).) Accordingly, the trial court's findings

7

that defendant was a major participant and acted as an aider and abettor—which rendered defendant ineligible for relief as a matter of law—necessarily involved improper factfinding.  (*People v. Drayton, supra*, 47 Cal.App.5th at p. 980.)

Given that defendant has established a prima facie case, and the record does not show he is ineligible as a matter of law, the trial court must issue an order to show cause and hold an evidentiary hearing.  We will reverse the trial court's order denying the petition and remand with directions to issue an order to show cause, and hold a hearing consistent with the amended provisions of section 1170.95.  We express no opinion about whether defendant is entitled to relief following the hearing.[4]

**DISPOSITION**

The trial court's order denying defendant's petition is reversed.  The matter is remanded with directions to issue an order to show cause and conduct further proceedings consistent with the amended provisions of section 1170.95, as now stated in section 1172.6.

/s/
EARL, J.

We concur:


/s/
DUARTE, Acting P. J.


/s/
RENNER, J.

---

[4]  Because we remand for further proceedings, we need not reach defendant's additional arguments.